

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2003

# Sheet Workers Intl v. New Brunswick Gen

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1348

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Sheet Workers Intl v. New Brunswick Gen" (2003). *2003 Decisions.* Paper 428.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/428

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1348

SHEET WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 ANNUITY,
HEALTH & WELFARE, VACATION, EDUCATION AND UNEMPLOYMENT
FUNDS; THOMAS B. STAPLETON; GILBERT H. NELSON, as Trustees and
Fiduciaries for SHEET METAL WORKERS INTERNATIONAL ASSOCIATION
LOCAL 27 ANNUITY FUND; PETER A. FAGAN; BETTY A. HOGAN, as Trustees
and Fiduciaries for SHEET METAL WORKERS INTERNATIONAL ASSOCIATION
LOCAL 27 VACATION FUND; GERARD EZYSKE, as Trustees and Fiduciaries for
SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL 27
EDUCATION FUND; Carl D. Sommers; Robert Brown, as Trustees and Fiduciaries for
SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL 27
UNEMPLOYMENT FUND

v.

NEW BRUNSWICK GENERAL SHEET METAL WORKS; JOHN GRYWALSKI; JMJ
MANAGEMENT COMPANY, LLC.,

Appellants

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

(Dist. Court No. 98-CV-05490)
District Court Judge: Dennis M. Cavanaugh

Argued on June 2, 2003

Before: ALITO, ROTH, STAPLETON,  Circuit Judges

(Opinion Filed: June 30, 2003)

John A. Craner (Argued)
Craner, Satkin & Scheer, P.A.
320 Park Avenue, P.O. Box 367
Scotch Plains, New Jersey 07076

*Counsel for Appellants*

Mark E. Belland (Argued)
Steven J. Bushinsky
Tomar, O'Brien, Kaplan, Jacoby & Graziano,
P.A.
20 Brace Road
Cherry Hill, New Jersey 08034

*Counsel for Appellees*

## OPINION OF THE COURT

PER CURIAM:

The appellants challenge the District Court's denial of their cross motion, pursuant to Fed. R. Civ. P. 60(b)(1), (4) and (6), to vacate the judgment resulting from a settlement agreement entered into by the parties on April 23, 2001. The appellants' motion challenged the settlement on two grounds: (1) that the settlement accepted by the District Court did not represent a meeting of the parties' minds as to all essential terms of settlement[1] and (2) that the appellants' previous attorney, who accepted the settlement on

---

[1] Appellants base their argument on the principle that a settlement agreement is treated as a contract, Pennwalt Corp. v. Plough, Inc., 676 F.2d 77, 79 (3d Cir. 1982), and, therefore, the validity of the settlement is determinable based on the traditional rules of contract formation. Relevant sections of Restatement (Second) of Contracts (1979) state

behalf of his client in open court, did not have sufficient authority to enter into a binding settlement agreement. Upon review of the record, we disagree with the appellants on both grounds.

We are satisfied that the terms of agreement entered into the record on April 23, 2001, constituted a "meeting of the minds" as to essential terms of settlement. We therefore hold that the District Court did not err when it declined to vacate the settlement on the ground that the agreement set forth in open court was incomplete.

We also decline to reverse the District Court's denial of the motion to vacate the judgment resulting from settlement on grounds of insufficient authority.[2] Upon reviewing the record in regard to the negotiations and proceedings leading to settlement, we find sufficient evidence of apparent authority to sustain the District Court's action. The parties do not dispute that appellant Grywalski engaged in extensive telephone conversations with his attorney during settlement negotiations on the morning of April 23, 2002.

that an alleged contract is only enforceable where "the terms of the contract are reasonably certain,"id. at §33, and the parties to the agreement "mutual[ly] assent" to those terms, id. at §17(2).

[2]This Court has applied the relevant state's law of agency where an attorney's authority to settle litigation is at issue as "the focus [in such instances] is on the attorney's relationship with his clients" and "no substantial federal interest is affected." Tiernan v. Devoe, 923 F.2d 1024, 1033 (3d Cir. 1991) (involving state and federal claims); Complaint of Bankers Trust Co., 752 F.2d 874 (3d Cir. 1984) (involving federal claims). New Jersey law, the applicable state law in this instance recognizes the doctrine of apparent authority in such situations and places the burden on the party challenging the settlement to rebut a presumption that the attorney had authority to enter into that settlement. United States Plywood v. Neidlinger, 41 N.J. 66, 74 (1963).

Additionally, as explained by the District Court, "[o]n the record, the Court confirmed that both sides understood the agreement and the attorneys represented that their clients understood and approved the settlement." App. at 17a-18a. Finally, while the defendant's lengthy delay in challenging the entered settlement is not directly relevant to the issue of apparent authority, we note that this delay renders the appellants' current position less convincing.

For the foregoing reasons, we affirm the judgment of the District Court denying the appellants' Rule 60(b) motion to vacate the judgment resulting from the settlement entered by the parties on April 23, 2001.